UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Syreeta L. McNeal, Esq. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | Case No. 4:23-cv-01732-SEP |
| ) | |
| Vera L. Calvin et al, ) | |
| ) | |
| Defendant(s). ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT ANTHONY T. LOFTIES' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6) FILED APRIL 29, 2024**

**COMES NOW** Plaintiff, Syreeta LaShawn McNeal, Esq., by and through counsel and *pro se*, and files her Response to Defendant Anthony Terral Lofties' Motion to Dismiss Under Federal Rules of Civil Procedure Rule 12(b)(6) filed April 29, 2024 and states as follows:

1. On April 29, 2024, Defendant Anthony Terral Lofties filed another Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) stating that Plaintiff failed to state a claim upon which relief can be granted against him.

2. **Legal Standard**. Under Federal Rules of Civil Procedure Rule 12(b)(6), courts shall not dismiss any complaint that states a facially plausible claim to relief. *See Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3. A complaint is plausible on its face when the pleaded facts allow the Court to reasonably infer that the defendant is liable. *See Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009).

4. The Court views all facts and draws all reasonable inferences in favor of the nonmoving party. *See Waters v. Madison*, 921 F.3d 725, 734 (8th Cir. 2008). *See also Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

5. The Court must accept the facts alleged as true, "even if doubtful." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Id. See also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

7. This Court in *Williams* recently articulated the legal standard regarding Federal Rules of Civil Procedure Rule 12(b)(6) that Plaintiff is referencing too above. *See Williams v. Mgmt. & Training Corp.,* 2023 U.S. Dist. LEXIS 168245 (E. D. Mo. September 21, 2023).

8. **Relevant Facts and Procedural History.** On December 29, 2023, Plaintiff filed her Complaint and Request for Injunction as a *pro se* litigant against eight (8) individual defendants, including Defendant Anthony Terral Lofties, and three (3) corporate defendants.

9. Plaintiff filed Notice of Lawsuit and Request to Waive Service of a Summons with all defendants and mailed it to them, by certified mail, to give them sixty (60) days to respond to the complaint on or about December 29, 2023.

10. On March 7, 2024, Plaintiff filed Notice of Process Server(s) to have out-of-state county sheriff's personnel to serve the individual defendants by summons, including Defendant Anthony Terral Lofties.

11. On March 8, 2024, the Clerk issued summons to individual defendants and emailed them to Plaintiff for service.

12. On March 29, 2024, Carroll County, MD Sheriff's Office served Defendant Melissa Shely Scott-Chase the summons and complaint. Plaintiff filed notice of summons executed on said Defendant on April 17, 2024.

13. On April 8, 2024, Nashville, TN Sheriff's Office served Defendant Anthony Terral Lofties the summons and complaint. Plaintiff filed notice of summons executed on said Defendant on April 23, 2024.

14. On April 18, 2024, Defendant Anthony Terral Lofties filed his Motion to Dismiss Complaint/Case (*pro se*) pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

15. On April 23, 2024, Plaintiff filed her Motion for Entry of Judgment (and Affidavit in Support) and Proposed Judgment in a Civil Action against Defendant Melissa Shely Scott-Chase for failure to file an answer within allotted time.

16. On April 24, 2024, Plaintiff filed a Certificate of Service of April 23, 2024 filings and memorandum with the Court.

17. On April 25, 2024, Plaintiff filed her Amended Response to Defendant Anthony Terral Lofties' Motion to Dismiss Complaint/Case pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

18. On April 29, 2024, Defendant Anthony Terral Lofties filed another Motion to Dismiss Complaint/Case (*pro se*) pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

19. On April 30, 2024, Court's Clerk entered Entry of Default against Defendant Melissa Shely Scott-Chase regarding Plaintiff's filings on April 23, 2024.

20. On May 2, 2024, Defendant Melissa Shely Scott-Chase filed her Answer that the Court Clerk received on or about April 30, 2024 out of time.

21. The three (3) corporate defendants contacted the Plaintiff and permitted additional time to file their official response to an Amended Complaint and Request for Injunction and an Amended Notice of Lawsuit and Request for Waiver of Service that will be filed once all individual defendants are personally served.  Plaintiff needs to request additional emergency motions (i.e. gag order, seizure of assets) that require service upon individual defendants.

22. Plaintiff is working to serve remaining six (6) individual defendants by out-of-state county sheriff's office and/or private investigators who perform surveillance, and difficult process service.  Currently, the remaining six (6) individual defendants are evading service.

23. Plaintiff will retain an experienced St. Louis, MO attorney to be the lead attorney in this pending case to avoid any appearance of impropriety on behalf of the Plaintiff.  Plaintiff's retained counsel will file future pleadings in this case including *alias* summons, Amended Complaint and Request for Injunction, emergency motions (i.e. gag order, seizure of assets), etc…

24. **Argument.** Plaintiff used the federal Complaint and Request for Injunction form permitted for individuals representing themselves *pro se.*

25. As indicated in Section III (*Statement of Claim*), it requires the Plaintiff to do the following:  *"Write a short and plain statement of the claim. Do not make legal*

*arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought…."*

26. In Plaintiff's Complaint and Request for Injunction as a *pro se* litigant, Plaintiff described how Defendant Anthony Terral Lofties doxed the plaintiff in July 2023 and sent Plaintiff's information to other YouTube Content Creators to conspire and invade Plaintiff's right to privacy (*public disclosure of private facts*), dox, harass, threaten Plaintiff, human stalk a federal attorney and attack Plaintiff's law practice from July 2023 to present in order to silence Plaintiff's right to free speech, freedom of assembly and other constitutional rights.

27. Plaintiff believes the alleged facts in the December 29, 2023 complaint filed as a *pro se* litigant allow this Court to reasonably infer that Defendant Anthony Terral Lofties is liable as required under *Ashcroft*.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

28. Also, Defendant Anthony Terral Lofties submitted as an exhibit in his Motion to Dismiss the Plaintiff's Columbia, MO Police Department Report issued on August 4, 2023 that serves as circumstantial evidence of the facts that Plaintiff alleged in the December 29, 2023 complaint.

29. Plaintiff believes that discovery upon Defendants and a trial on the merits will be able to provide the determination of facts by this Court for a ruling in favor of Plaintiff.

30. Plaintiff wants this Court to know that FBI IC3 Reports and local police reports have been filed on ***all*** individual defendants so that discovery can proceed to have a trial on the merits.

31. Plaintiff disagrees with Defendant Anthony Terral Lofties' assertion that she will have to prove in the Complaint the facts against him in order to proceed. Plaintiff believes that that is **not** an accurate interpretation of the legal standard that the Court permits for this case to continue with a trial on the merits.

32. Also, Defendant Anthony Terral Lofties did a YouTube Live with YouTube Content Creator Sharrell's World on April 21, 2024 discussing this pending case and the following statements were made between them at the 20:02 to 20:25 mark:

    a. Sharrell's World stated "*So, you're not, before I move on, you are not a part of the lawsuit anymore? You did what you had to do, you approached your attorneys, ya'll filed a motion and you have been legally dismissed?*"

    b. Defendant Anthony Lofties stated "*Process is already filed. I'll send that over to you good all right.*"

    c. Sharrell's World stated "*That's why I didn't mention you (Anthony Lofties) yesterday like he (is) out of it (Sharrell's World YouTube Live on April 20, 2024).*"

    d. A copy of the Transcript of the Sharrell's World YouTube Live on April 21, 2024 (reference pages 10 – 11) is incorporated by reference and attached herein as **Exhibit A**.

33. Furthermore, Defendant made a post on his YouTube Community Channel on April 24, 2024 stating the following: "*Ma'am who mad. I don't care about that document being leaked. You don't get it every time yall come against me, I WIN and continue laughing at yall DA's. I don't need an attorney for that case, that's*

*small he say, she say claim is …*" A copy of the April 24, 2024 Defendant's YouTube Community Channel's post (reference page 4) is incorporated by reference and attached herein as **Exhibit B**.

34. On April 26, 2024, YouTube Content Creator Queen Shiba Darling did an analysis video of the Plaintiff's Amended Response to Defendant Anthony Terral Lofties' Motion to Dismiss filed on April 25, 2024 where she indicated that additional women (including YouTube content creators) were doxed, cyber-bullied, cyber-harassed, and cyber-stalked by Defendant Anthony Terral Lofties. Examples of the additional women impacted are referenced in the live from the 14:31 to 16:14 mark as follows:

    a. (1) YouTube Content Creator Mz Diagnosis where Defendant Anthony Terral Lofties gave her address and made a threat to her life on a live she personally recorded.

    b. (2) YouTube Content Creator Queen Shiba Darling where Defendant Anthony Terral Lofties questioned her ability to have children in a personal and harmful attack that was recorded.

    c. A copy of the April 26, 2024 YouTube Content Creator Queen Shiba Darling's video (reference pages 15 – 17) is incorporated by reference and attached herein as **Exhibit C**.

35. Plaintiff believes Defendant Anthony Terral Lofties is exhibiting a *__pattern__* of lying on the Court and officers of the Court with the allegations Plaintiff made in the December 29, 2023 Complaint and Request for Injunction and his recent YouTube lives and posts in his community channel.

36. Plaintiff wants to note that the Court has **not** ruled on Defendant's initial Motion to Dismiss filed April 18, 2024 yet after Plaintiff filed her Amended Response to said Motion on April 25, 2024.

37. Plaintiff believes that Defendant Anthony Terral Lofties and his friends (i.e. YouTube Content Creator Sharrell's World) have ***intentionally misled*** the public in the April 21, 2024 YouTube Live on Sharrell's World and also the Defendant's YouTube Community Channel on April 24, 2024 to show that he is officially removed from the pending case.

38. Plaintiff will retain an experienced St. Louis, MO attorney to be the lead attorney in this pending case to avoid any appearance of impropriety on behalf of the Plaintiff for future filings.

39. Plaintiff requests this Court to accept Plaintiff's Response to Defendant Anthony Terral Lofties' Motion to Dismiss (*pro se*) in order to preserve the federal case to allow an experienced St. Louis, MO attorney to enter his/her appearance and move forward with service of the remaining six (6) individual defendants by filing *alias* summons, filing notice of special process servers who specialize in difficult service, and to file an Amended Complaint and Request for Injunction, etc…

40. Court clerk informed Plaintiff that this Court reviews pleadings and makes a ruling based on the pleadings submitted by the parties only and does not have a hearing. Plaintiff is willing to accept this form of review of the parties' pleadings that is customary by this Court.

41. Plaintiff believes she stated a claim in the December 29, 2023 Complaint and Request for Injunction as a *pro se* litigant on which relief can be granted and

requests this Court to deny Defendant Anthony Terral Lofties' Motion to Dismiss filed on April 18, 2024.

**WHEREFORE**, Plaintiff prays that this Court enters its order denying the Defendant Anthony Terral Lofties' Motion to Dismiss Complaint/Case filed on April 29, 2024, and for such relief the Court deems just and proper.

Dated:  May 7, 2024                                  Respectfully submitted,

*Syreeta L. McNeal, Attorney at Law*

/s/ Syreeta L. McNeal, Mo Bar #60207
3610 Buttonwood Drive, Suite 200
Columbia, MO 65201
Phone:  (573) 445-1955
FAX: (573) 445-2512
E-mail:   mcneallawoffice@gmail.com
Attorney for Plaintiff (& *pro se*)

### Certificate of Service

A copy of the Plaintiff's Response to Defendant Anthony Terral Lofties' Motion to Dismiss Complaint/Case filed April 29, 2024 was served via the Court's electronic means and/or was served via electronic means and/or mailed postage prepaid on or about May 7, 2024.

Anthony T. Lofties, Defendant (*pro se*)
Eastside Heights Apartments
120 South 5th Street, Apt. 406
Nashville, TN  37206
Email: anthonyt_lofties@yahoo.com

Melissa Shely Scott-Chase, Defendant (*pro se*)
810 Franklin Avenue
Westminster, MD  21157

*/s/ Syreeta L. McNeal, MoBar 60207*
Attorney for Plaintiff (& *pro se*)