**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SYREETA LASHAWN MCNEAL, ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-01732-SEP |
| ) | |
| VERA L. CALVIN, ET AL., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Anthony T. Lofties's Motion to Dismiss, Doc. [16]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND[1]

Plaintiff is an attorney who provides the public "with information regarding narcissism and public legal tools with Family Law Courts to help the public understand and spot behavioral traits of people exhibiting mental illness so they could learn how to set boundaries [and] have healthy productive relationships." Doc. [1] at 7. In 2023, Plaintiff appeared on several YouTube channels to discuss current events and analyze a television show. *Id*. at 6. She provided only her first initial and last name and asked that she be referred to as "Anonymous" to protect her identity. *Id*.

Plaintiff alleges that Defendant Lofties, a YouTube content creator, used her "subscriber information and contact people from St. Louis, MO to dox [her] initially." *Id*. at 6. Defendant Lofties then conspired with YouTube content creators When Tay Talk (Defendant Natavia Tonia Garner) and Drop Da Mic (Defendant Felicia Brim Moore) to publish Plaintiff's "full government name through other panelists on their Gossip Girl YouTube Live." *Id*. Plaintiff further alleges that Defendant Lofties conspired with YouTube Content Creator Prosperity ThickGirl40 (Defendant Joann A. Jenkins) to "run two (2) or three (3) YouTube Lives to publish an article, Linked-in [sic] profile, [her] picture, and other information even though [she] was never a subscriber or panelist to her channel." *Id*. Plaintiff claims that the individual Defendants, led by Defendants Lofties and Garner, continue to conspire "to dox, harass, and threaten" her. *Id*. at 7.

---

[1] The Court assumes the following facts, taken from the Complaint, to be true for the purposes of the motion to dismiss. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In addition to injunctive relief, Plaintiff requests money damages in the amount of $10 million. *Id.* at 7. She claims that, because of "Defendants' attacks," she has incurred "increased therapy costs" as well as hospital costs "related to high blood pressure, heart attack symptoms, [and] stress." *Id.* Plaintiff also claims that her law practice has been impacted by Defendants' "doxing, harassment, [and] threats." *Id.* Defendant Lofties now moves for dismissal for failure to state a claim. *See* Doc. [16].[2]

### DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant Lofties moves to dismiss Plaintiff's Complaint asserting that Plaintiff has not provided "any exhibits or proof to support" her allegations. *See* Doc. [16] at 1. According to Defendant, this is a "He say, She say" case. *Id.* But at the motion to dismiss stage, the Court must accept Plaintiff's factual allegations as true. "Whether Plaintiff can come forward with evidence to support [her] factual allegations is an issue that can only be resolved at trial or in the context of ruling on a properly supported summary judgment motion." *Antonelli v. Luekefeld*, 2009 WL 1546386, at *2 (E.D. Ark. June 2, 2009). Because Defendant Lofties has made no other argument challenging the sufficiency of Plaintiff's Complaint, Defendant's Motion to Dismiss, Doc. [16], is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [16], is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. [10], is **DENIED** as moot.

Dated this 6th day of February, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] Lofties filed two motions to dismiss, which appear to be identical except that the latter requests a Zoom hearing. *See* Docs. [10], [16]. Defendant's first motion, Doc. [10], is denied as moot.

2