UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYREETA LASHAWN MCNEAL, | ) |
|     Plaintiff, | ) ) |
| v. | ) ) Case No. 4:23-cv-01732-SEP |
| VERA L. CALVIN, ET AL., | ) ) ) |
|     Defendants. | ) |

### MEMORDANDUM AND ORDER

Before the Court are Plaintiff's Motion for Reconsideration, Doc. [72], and Defendant Moore's Motion to Set Aside Default, Doc. [78]. For the reasons set forth below, Plaintiff's motion is denied, and Defendant Moore's motion is granted.

#### MOTION FOR RECONSIDERATION

On January 21, 2025, the Court ordered Plaintiff to serve Defendants Vera L. Calvin, Joann A. Jenkins, Terence B. Smith, Donovan R. Frison, Natavia T. Garner, Google LLC, YouTube, LLC and TikTok, Inc., no later than Monday, February 17, 2025. *See* Doc. [31]. Plaintiff failed to serve Defendants Vera L. Calvin and Terrence B. Smith within that timeframe and now asks that the Court reconsider its January 21, 2025, Order as to Calvin. *See* Doc. [72]. Plaintiff states that Defendant Calvin "kept evading service," and that she finally served Calvin though Calvin's employer's Registered Agent on March 13, 2025.[1] *Id*. at 2.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed this action on December 29, 2023. *See* Doc. [1]. So, at the time of the Court's January 21, 2025, Order, 389 days had already elapsed since the Complaint was filed. Despite that substantial delay, the Court provided Plaintiff with additional time to serve the defendants. *See* Doc. [31]. The Court cautioned Plaintiff that failure

---

[1] Defendant Calvin argues that service was improper because AT&T is not authorized to accept service on Defendant Calvin's behalf. *See* Doc. [102] at 2. She includes a letter from Kate Marcom, AT&T's Senior Legal Counsel, showing that Ms. Marcom advised Plaintiff that "[s]ervice of these documents has no legal significance on AT&T Inc. or Defendant Vera Lynn Calvin." *Id*. at 6. Because service was untimely, the Court does not reach whether AT&T was authorized to accept service.

1

to comply with the Order would result in dismissal without prejudice for lack of timely service. *See id*. Plaintiff had ample time to effectuate service on Defendants Calvin and Smith, but she failed to do so. Thus, Defendants Vera L. Calvin and Terrence B. Smith are dismissed without prejudice for lack of timely service.[2] *See Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) ("Because over 120 days had passed since plaintiffs filed their complaint, and the District Court had granted a twenty-day extension, we conclude the Court did not abuse its discretion in dismissing the complaint.").

### MOTION TO SET ASIDE DEFAULT

On February 12, 2025, the Clerk granted Plaintiff's Motion for Entry of Clerk's Default against Defendant Felicia B. Moore. *See* Doc. [47]. Defendant Moore now moves to set aside the default. Doc. [78]. In support, Defendant Moore states, in relevant part:

> The circumstances of this case favor setting aside the default against Defendant Moore. First, Ms. Moore's failure to respond to the Complaint was an oversight due to her lack of familiarity with the legal system and the facts involved in this case. Ms. Moore is a misidentified Defendant in this matter. Second, Ms. Moore has a meritorious defense. Not only is she a misidentified Defendant, but Ms. Moore also asserts that the Complaint fails to state a claim against her. Third, Plaintiff would not be prejudiced by the Court's decision to set aside the default against Ms. Moore. Other Defendants in this matter have filed motions to dismiss, and this case is still in its early stages. Ms. Moore is prepared to rapidly respond to Plaintiff's Complaint.

Doc. [79] at 3.

"Rule 55(c) provides that the district court may set aside an entry of default '[f]or good cause shown[.]'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson*, 140 F.3d at 784).

---

[2] Because of Calvin's dismissal from the action, the Court sets aside the Clerk's entry of default against her, *see* Doc. [102]; dismisses her counterclaim, Doc. [101], without prejudice; and denies most of her pending motions as moot, *see* Docs. [99], [100], [104], [106], [108], [111], [122], [127], [132], [135], [136]. Calvin's motions for sanctions, Doc. [105], [129], are denied without prejudice for failure to comply with Federal Rule of Civil Procedure 11(c)(2). *See* FRCP 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but *it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*." (emphasis added)).

Upon consideration of those factors, for the reasons stated in Moore's briefing, Docs. [79], [87], the Court finds good cause to set aside the Clerk's entry of default against Defendant Moore.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Vera Calvin and Terrence B. Smith are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Vera Calvin's counterclaim is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Calvin's Motion to Set Aside Default, Doc. [102], is **GRANTED**.

**IT IS FURTHER ORDERED** that Calvin's Motions for Sanctions, Doc. [105], [129], are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the following motions are **DENIED** as moot: Docs. [99], [100], [104], [106], [108], [111], [122], [127], [132], [135], [136]. <u>**Calvin must withdraw Docs. [107] and [109] from the docket**</u>.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [72], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant Moore's Motion to Set Aside Default, Doc. [78], is **GRANTED**.

Dated this 2nd day of May, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE