**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYREETA LASHAWN MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-01732-SEP |
| | ) | |
| VERA L. CALVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are responses to the Court's order to show cause, Doc. [318], filed by Counterclaimant Marcella Boothe, Doc. [320], Counterclaimant Natavia Garner, Doc. [321], and Plaintiff Syreeta McNeal, Doc. [324].  Also before the Court are Plaintiff's Objection and Motion for Reconsideration, Doc. [322], and Motion to Strike and Motion for Disqualification and Recusal Under 28 U.S.C. § 455, Doc. [323], relating to the Court's orders issued on March 31, 2026, Docs. [318], [319] (hereinafter, "March 31st Order").  For the reasons set forth below, the counterclaims are dismissed, the motions are denied, and Plaintiff is sanctioned under Federal Rule of Civil Procedure 11.

**COUNTERCLAIMANTS' SHOW CAUSE RESPONSES**

On March 31, 2026, the Court ordered Boothe and Garner to show cause why their counterclaims should not be dismissed for failure to meet the amount-in-controversy threshold for federal diversity jurisdiction.  *See* Doc. [318] at 43; 28 U.S.C. § 1332(a).  Because the Court dismissed all claims and Defendants in the Amended Complaint, Counterclaimants must independently satisfy the requirements of federal jurisdiction to bring their claims in federal court.  Counterclaimants bring state-law tort claims and have diverse citizenship from Plaintiff, so they may proceed in federal court if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  In its order, the Court expressed concern that the counterclaims may not reach that threshold, noting among other issues that the counterclaims "involve statements made during judicial proceedings, which are absolutely privileged."  Doc. [318] at 44.  Accordingly, it ordered Counterclaimants to show cause why their claims should not be dismissed for lack of subject matter jurisdiction.  *Id.*; *see McNutt v.*

*Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence").

Neither Counterclaimant has carried the burden of showing that her claims meet the jurisdictional threshold.  Boothe's filing refers to dollar amounts only to baldly assert, twice, that "[t]he amount in controversy exceeds $75,000."  Doc. [320] at 3, 5.  Garner's filing similarly refers to dollar amounts only in concluding that "the amount in controversy exceeds $75,000."  Doc. [321] at 1.  The responses do not refer to or provide evidence of any damages suffered by Counterclaimants or otherwise shed light on the amount in controversy.  Instead, Boothe argues, mistakenly, that the Court has supplemental jurisdiction.  Doc. [320] at 2-4.

Counterclaimants having failed to show cause why the Court should not dismiss their counterclaims for lack of subject matter jurisdiction, the Court finds that it lacks subject matter jurisdiction over the counterclaims and dismisses them without prejudice.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff challenges the Court's March 31st Order, Doc. [318], in four ways, arguing that it (1) considered matters outside the pleadings without conversion under Rule 12(d), (2) resolved disputed factual issues at the pleading stage, (3) improperly denied Plaintiff the opportunity for discovery, and (4) contradicted its own prior ruling issued Feb. 6, 2025, Doc. [43], denying Defendant Anthony Lofties' motions to dismiss the original complaint.  Doc. [322] at 2.  Her challenges all fail.

Plaintiff's argument under Rule 12(d) mischaracterizes both the Court's Order and Eighth Circuit caselaw.  In an 8-page litany, Plaintiff identifies dozens of excerpts of the Court's opinion that do not obviously share any common characteristic except that she objects to them. *See* Doc. [322] at 3-12.  Most do not even arguably implicate "extra-pleading material," as she claims.  Some are just descriptions of a party's allegations or legal claims.  Others refer to public records, legal doctrines, or evidence submitted by Plaintiff herself. *See Stahl v. USDA*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *see, e.g.*, Doc. [322] at 3 (Plaintiff's law license was suspended on October 10, 2025), at 4 (citing statement that Plaintiff must allege injury caused by municipal policy to state a claim for relief under *Monell*, and repeating Court's recitation of information from Plaintiff's amended complaint).  If any of them is, in fact, an example of the Court improperly considering something beyond the pleadings, it is not the

2

Court's responsibility to go looking for that needle in a haystack of manifestly baseless claims. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Moreover, in arguing that this Court violated Rule 12(d), Plaintiff relies on *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995), claiming that the Eighth Circuit there "***revers[ed]*** where [the] district court considered materials outside pleadings without conversion and notice." Doc. [322] at 3. In fact, in *Madewell*, the Eighth Circuit ***affirmed*** a district court's conversion of a request for dismissal into a motion for summary judgment without formal notice. *Madewell*, 68 F.3d at 1048 ("[T]he district court is not required by Rule 12(b) to give affirmative notice to the parties of its intent to consider matters outside the complaint. Constructive notice that the court will consider matters outside of the complaint is sufficient.") (citing *Angel v. Williams*, 12 F.3d 786 (8th Cir. 1993)). Indeed, the *Madewell* panel explained, a "district court's failure to give formal notice that it will treat a motion to dismiss for failure to state a claim as a motion for summary judgment is harmless where the nonmoving party has submitted materials outside of the pleadings in support of its resistance to a motion to dismiss." *Madewell*, 6 F.3d at 1048 (citing *Davis v. Johnson Controls, Inc.,* 21 F.3d 866, 867 (8th Cir. 1994), *cert. denied*, 513 U.S. 964 (1994)). Here, Plaintiff submitted materials outside of the pleadings in support of her oppositions to 12(b)(6) motions to dismiss. *See, e.g.*, Docs. [269-1] (AT&T statement attached to Plaintiff's response to AT&T's motion to dismiss); [269-2] (AT&T "employment verification" attached to Plaintiff's opposition to AT&T's motion to dismiss); [269-3] (screenshot of email attached to Plaintiff's opposition to AT&T's motion to dismiss); [269-4] (Checkmate report attached to Plaintiff's opposition to AT&T's motion to dismiss); [289-1] (summons for Alabama state court proceeding attached to Plaintiff's opposition to Kingdom Reign Entertainment, LLC's and CRK Entertainment, Inc's motion to dismiss). Therefore, if anything, *Madewell* cuts against her argument. The argument thus lacks factual or legal support and the Court rejects it.

Plaintiff also misrepresents caselaw in arguing that the Court erred by dismissing her claims before any discovery occurred. She cites *Stanley v. Finnegan,* 899 F.3d 623, 627 (8th Cir. 2018), claiming that the Eighth Circuit there "***revers[ed* the district court]*** where dismissal occurred before plaintiff had [an] opportunity for discovery on material facts." But the Eighth Circuit in *Stanley* ***affirmed*** a district court's denial of qualified immunity to a government

3

investigator on a motion to dismiss.  And the opinion does not even mention discovery.  She also cites *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), which likewise has no bearing on whether Plaintiff is entitled to conduct discovery in this litigation.  Because it lacks any foundation, the argument is rejected.

Apropos of her second and fourth contentions, Plaintiff rightly points out that, at the motion to dismiss stage, the Court must accept Plaintiff's factual allegations as true.  She also rightly points out that the Court cited that principle in denying Defendant Lofties's motion to dismiss.  *See* Doc. [322] at 14 (citing Doc. [43] at 2).  But Plaintiff fails to show that the Court's March 31st Order deviated from that maxim in any way.  Although she claims that the Court "credited Defendants' version of events and rejected Plaintiff's allegations," she provides not a single example from 46 pages of analysis.  *Id.* at 14.  In fact, in addressing the motions to dismiss, the Court properly assumed the veracity of Plaintiff's allegations and found them insufficient.  *See, e.g.*, Doc. [318] at 36 ("Plaintiff's allegations do not enable 'the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged'"); *id* at 37 ("Because her allegations lack specificity and she fails to plead actual malice, Plaintiff's defamation claim is dismissed"); *id.* at 39 ("The Court does not find that the conduct alleged in the Amended Complaint as to the remaining defendants [meets the standard for an IIED claim].").  And the Court's March 31st Order is in no way inconsistent with its order denying Defendant Lofties's motion to dismiss.  Plaintiff's second and fourth grounds for reconsideration fail.

Because Plaintiff's motion fails to point to any manifest error of law or fact, identify any newly discovered evidence, or present any other reason justifying relief, it is denied.  *See* Fed. R. Civ. P. 59, 60.

### PLAINTIFF'S MOTION TO STRIKE AND FOR DISQUALIFICATION AND RECUSAL

In a separate filing, Doc. [323], Plaintiff seeks to strike certain material from the Court's March 31st Order, Doc. [318], as "redundant, immaterial, impertinent, or scandalous" under Federal Rule of Civil Procedure 12(f).  Specifically, Plaintiff asks the Court to strike its references to Plaintiff's disciplinary history with the Missouri Supreme Court, including that her law license was suspended in 2020 and 2025, that her 2020 disciplinary opinion discusses unspecified "mental disorders that substantially contributed to her misconduct but are treatable," and that her 2025 disciplinary hearing audio is publicly available online.  Doc. [323] at 4.

4

According to Plaintiff, "[s]uch material meets the definition of 'scandalous' under Rule 12(f)," a proposition for which she cites *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Doc. [323] at 6.

As an initial matter, the Court notes that Rule 12(f) pertains only to pleadings.  *See Khamis v. Bd. of Regents, Se. Mo. State Univ.*, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008) ("A motion to strike is properly directed only to material contained in pleadings."); *see also* Fed. R. Civ. P 7(a) (allowing as pleadings only:  a complaint or third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and if the court orders one, a reply to an answer).  Plaintiff cites no case in which Rule 12(f) has been used outside the context of a pleading, never mind to strike portions of an order of the Court. *See* Doc. [323] at 2.  The Court explicitly does <u>not</u> decide whether such relief is ever authorized under Rule 12(f).

The Court does not reach that question because, even if Ruled 12(f) allowed for striking matter from an order of the Court, such relief would not be justified here.  Just as the Eighth Circuit found in *Stansbury*, the information at issue here "provides important context and background to [Plaintiff's] suit." 221 F.3d at 1063.  Plaintiff alleges in the Amended Complaint that various Defendants revealed her private information and defamed her by calling her a "fake attorney," among other things.  The facts relayed by the Court about Plaintiff's disciplinary history—all matters of public record and permissible to consider on a motion to dismiss, *Stahl*, 327 F.3d at 700—are relevant to the viability of Plaintiff's claims in that they show that certain information was not private, *see, e.g.*, Doc. [318] at 29, and they undermine the plausibility of Plaintiff's allegations of 'actual malice,' *see id.* at 36-37.  The Court thus declines to strike the references to Plaintiff's disciplinary history, as they are relevant to the disposition of her claims.

For related reasons, Plaintiff also seeks to disqualify and recuse the undersigned pursuant to 28 U.S.C. § 455.  Doc. [323] at 7.  "By independently introducing derogatory information unrelated to the pleadings," Plaintiff argues, "the Court has [d]eparted from its neutral adjudicative role; [c]reated the appearance of partiality; [and] [u]ndermined public confidence in the fairness of the proceedings."  *Id.*  Further, Plaintiff asserts that "[a]n objective observer would reasonably question why the Court introduced prejudicial material not presented by either party."  *Id.*  As already explained, the information at issue is directly relevant to Plaintiff's

claims. Further, the information at issue was provided by at least one Defendant in a motion to dismiss. *See, e.g.*, Doc. [145] at 6-10 (discussion of Plaintiff's disciplinary history in Felicia Moore's memorandum in support of her motion to dismiss). As explained by the Supreme Court in a case cited by Plaintiff, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)). Opinions formed during the proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Plaintiff has not pointed to any evidence of deep-seated favoritism or antagonism. The Court discussed her disciplinary history only as it was relevant to its ruling against Plaintiff in accordance with the law. Plaintiff's motion is denied.

SANCTIONS

In its March 31st Order, the Court ordered Plaintiff to show cause why sanctions should not issue for violations of Federal Rule of Civil Procedure 11, including citing fake case law and misrepresenting the holdings of real cases. *See* Doc. [318] at 41-43. Plaintiff's response states that "[t]here is no evidence of bad faith, improper purpose, or reckless disregard for accuracy, the essential predicates for Rule 11 sanctions." Doc. [324] at 1-2. She asserts that she "acted in objectively reasonable reliance on widely accepted legal research platforms, including LexisNexis." *Id.* at 1. But Plaintiff fails even to acknowledge, much less address, any one of the problematic citations identified by the Court. Instead, she nakedly declares that her arguments were reasonable and that she acted in good faith. Having thus provided Plaintiff "notice and a reasonable opportunity to respond," Fed. R. Civ. P. 11(c)(1), and received no defense or explanation, the Court finds that the false and mischaracterized citations identified in its March 31st Order violated Rule 11(b).

By signing her filings and presenting them to the Court, Plaintiff "certifie[d] that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that she was not presenting it "for any improper purpose," and that the "legal contentions" she made in her filings were "warranted by existing law." Fed. R. Civ. P. 11(b). "Every filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure." *Turnage v. Assoc. Bank, N.A.*, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025), *aff'd summarily*, 25-3092 (8th Cir. Nov. 25, 2025); *see*

6

*also Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026) ("[A]ll litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal."). "Federal courts have neither the time nor the resources to ensure the accuracy of every representation and every citation in every document put before them by every litigant." *Turnage*, 2025 WL 3052638, at *3.

Further, Plaintiff has persisted in her misconduct. In addition to the misleading citations in her motion for reconsideration and her motion for sanctions, laid out above, Plaintiff proffers misleading citations in her response to the order to show cause why she should not be sanctioned. For example, she cites *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 (11th Cir. 2010), in support of the assertion that "Rule 11 does not punish minor citation errors or good-faith mistakes." Doc. [324] at 3. But *Thompson* says no such thing. Rather, it holds that "the district court's conclusory Rule 11 analysis is not sufficient to permit meaningful appellate review," remands accordingly, and discusses the standard for mandatory sanctions for frivolous lawsuits under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b)(2). The citation to *Thompson* is yet another time-wasting head fake, which—having been trained as an attorney and directly admonished by the Court's March 31st Order—Plaintiff knows full well is unacceptable. *See* Doc. [318] at 41-43.

Plaintiff's determined disregard for accuracy and this Court's orders has wasted considerable judicial resources, to say nothing of the resources of Defendants. The Court has already dismissed all of Plaintiff's claims with prejudice due to her pervasive pleading deficiencies. *See, e.g.*, Doc. [318] at 40-41. In the six weeks since that ruling, Plaintiff's three responsive filings with the Court, Docs. [322] (motion for reconsideration), [323] (motion to strike and for recusal), [324] (response to show cause order), have provoked six filings in opposition representing 11 Defendants, Docs. [325] (Google LLC and YouTube LLC), [326] (Tik Tok, Inc.), [327] (CRK Entertainment, Inc., Carlos R. King, Kingdom Reign Entertainment LLC, Oprah Winfrey Network LLC, and Warner Bros. Discovery, Inc.), [328] (Maurice J. Scott, Sr.), [329] (Orlando, Florida Police Department), [330] (Marcella Boothe). And as recounted in this Order, Plaintiff's recent filings continue to mischaracterize caselaw, notwithstanding the imminent prospect of being sanctioned for precisely that.

Having determined that Rule 11 has been violated, the Court may "impose an appropriate sanction," Fed. R. Civ. P. 11(c)(1), bearing in mind that any sanction "must be limited to what

suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4). As the Court pointed out in its show cause order, district courts have "broad discretion in the choice of sanctions." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018). And recent sanctions for presenting phony caselaw to courts include monetary sanctions, filing restrictions, and dismissal with prejudice. *See* Doc. [318] at 42-43 (collecting cases). Here, Plaintiff's claims have already been dismissed with prejudice. Her Rule 11 violations provide an alternative ground for such dismissal, *see, e.g., Mills*, 2026 WL 251781, but that sanction alone would presumably not afford much deterrence where, as here, a plaintiff's claims are subject to dismissal anyway. *See, e.g.*, *Turnage*, 2025 WL 3052638, at *3 ("Summary dismissal of this lawsuit is not an adequate deterrent; as explained above, this lawsuit is subject to summary dismissal anyway.").

Plaintiff's refusal to accept responsibility for her violations of Rule 11, together with her persistence in misconduct at the expense of the Court's resources and in spite of the threat of sanctions, militate in favor of filing restrictions. *See Turnage*, 2025 WL 3052638, at *3 (filing restrictions are especially appropriate where the plaintiff "can no longer be trusted to have make a good-faith effort to comply with Rule 11 prior to filing documents with the court"). Thus, the Court imposes the following conditions on future filings in this matter:

(1) To any future filing, Plaintiff must attach a sworn declaration attesting that she has personally researched every citation contained therein to confirm (a) that it exists, and (b) that it has been accurately characterized. Any filing that lacks such a declaration will be immediately stricken from the record.[1]

(2) In the interest of preventing further waste of resources, Defendants are ordered not to respond to any filing by Plaintiff in this matter unless the Court explicitly orders them to respond. Defendants are thus excused from the default response deadlines established by the Eastern District of Missouri Local Rules. If the Court determines that a filing is non-frivolous and does not rely on false or misleading citations, it will set appropriate deadlines for Defendants to respond.

Accordingly,

**IT IS HEREBY ORDERED** that the counterclaims brought by Natavia Garner and Marcella Boothe are **DISMISSED**.

---

[1] The Court notes that this "sanction" does not require much more of Plaintiff than Federal Rule of Civil Procedure 11(b) already requires of everyone who signs a court filing. The aim of the requirement is to ensure that Plaintiff is bearing in mind at the time of each and every filing that she will be held personally responsible for every characterization of every case therein.

**IT IS FURTHER ORDERED** that Plaintiff's Objection and Motion for Reconsideration, Doc. [322], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Motion for Disqualification and Recusal Under 28 U.S.C. § 455, Doc. [323], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Syreeta McNeal shall attach to all future filings a sworn declaration attesting that she has personally researched every citation contained therein to confirm (a) that it exists, and (b) that it has been accurately characterized; and

**IT IS FINALLY ORDERED** that Defendants are not to respond to any filing by Plaintiff in this matter unless the Court explicitly orders them to respond.

Dated this 19th day of May, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE